IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD JENNINGS, | ) | |
|     ID # 54657-177, | ) | |
|         Movant, | ) | |
| | ) | No. 3:20-CV-530-M-BH |
| vs. | ) | No. 3:16-CR-373-M(7) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 25, 2020 (doc. 1), should be **DENIED** with prejudice.

## I.    BACKGROUND

Edward Jennings (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-373-M(7). The respondent is the United States of America (Government).

### A.    Conviction and Sentencing

On August 16, 2016, Movant was charged by indictment with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count One). (*See* doc. 1.)[2] He pled guilty to Count One on June 13, 2017. (*See* doc. 258.) In support of his guilty plea, Movant signed and submitted a factual resume that set out the maximum penalties and essential elements of the offense. (*See* doc. 239.) In the factual resume, he admitted that he suppled cocaine to co-conspirators and others in exchange for payment, and that he often used a cell phone in connection

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-373-M(7).

with the drug transactions; he specifically stipulated that: (1) a co-defendant supplied him with 32 grams of crack cocaine in exchange for $1,000 on February 19, 2016; (2) a co-defendant gave him 35 grams of crack cocaine in exchange for money on April 17, 2016; and (3) on August 23, 2016, he was arrested at an apartment where drugs, a digital scale, three firearms, and ammunition were present. (*See id.* at 3-5.)[3]  At his re-arraignment on June 13, 2017, Movant acknowledged under oath that he understood each of the essential elements of the offense, each was satisfied in his case, he knew and understood everything stated in the factual resume, and the facts stipulated therein were true and correct. (*See* doc. 860 at 25-26, 29-30.) He also affirmed his understanding that the Court was not bound by facts stipulated by the parties and could either disregard stipulated facts or consider non-stipulated facts when imposing punishment. (*See id.* at 19-21.)

On August 23, 2017, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 328-1 at ¶ 22.) Noting Movant's stipulations from his factual resume regarding drug quantities, and based on intercepted telephone communications between Movant and a co-defendant between February 18, 2016 and July 23, 2016, and narcotics seized at his apartment, the PSR concluded that Movant was accountable for 344 grams of crack cocaine, 618 grams of marijuana, and 70 grams of cocaine. (*See id.* at ¶¶ 11-16.) The marijuana equivalent of the drug quantities was 1,243 kilograms. (*See id.* at ¶ 17.) After applying the drug quantity table under U.S.S.G. § 2D1.1(c)(5), it calculated a base offense level of 30. (*See id.* at ¶ 23.) Four total levels were added for possessing a dangerous weapon and for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. (*See id.* at ¶¶ 24-25.) Two levels were added under U.S.S.G. § 3B1.1(c) based on Movant's role as a manager or supervisor in the criminal

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

activity. (*See id.* at ¶ 27.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 33. (*See id.* at ¶¶ 31-33.) Based on a total offense level of 33 and a criminal history category of III, the resulting guideline imprisonment range was 168 to 210 months. (*See id.* at ¶ 76.)

On October 6, 2017, and October 10, 2017, Movant filed objections to the PSR. (*See* docs. 380, 383.) In addition to objections and clarifications that did not affect the guideline calculations, Movant objected to the drug quantity amount, arguing that he should be accountable for 87.5 grams of crack cocaine, 364 grams of marijuana, and 147 grams of cocaine, which amounted to the marijuana equivalency of approximately 342 kilograms and would result in a base offense level of 24. (*See* doc. 380 at 2; doc. 380-1; doc. 383 at 1.) He also objected to the two-level enhancement for his role as a manager or supervisor on the ground that he did not use runners to distribute drugs from his apartment, arguing that there was no admission or evidence to support the PSR's statement about his use of drug runners. (*See* doc. 380 at 1, 3.) He further objected to the lack of a two-level reduction under U.S.S.G. § 3B1.2 for his alleged role as a minor participant in the offense. (*See id.* at 3.) Movant also objected to the calculation of his criminal history score on the basis that three criminal history points for completed deferred adjudication cases should not have been included in the calculation. (*See id.*)

The USPO submitted an addendum to the PSR on October 17, 2017, in which it addressed Movant's objections. (*See* doc. 395-1.) Regarding the drug quantity amount, the addendum stated that a review of the FBI records and an interview with an FBI agent revealed new information showing that Movant was accountable for a lower drug quantity amount than previously determined. (*See id.* at 2.) The addendum held Movant accountable for the updated amounts of 305.5 grams of crack cocaine, 578 grams of marijuana, and 51.5 grams of cocaine, which amounted

3

to a marijuana equivalency of 1,101 kilograms. (*See id.*) Movant's base offense level remained unchanged at 30 after applying the drug quantity table under § 2D1.1(c)(5). (*See id.*) Based on information from the FBI's investigation, the addendum rejected Movant's objections to references in the PSR that he used drug runners and to the two-level enhancement for a manager or supervisor role. (*See id.*) It also rejected his objection to the calculation of his criminal history points. (*See id.* at 2-3.)

On October 20, 2017, Movant filed a supplemental objection to the PSR clarifying his personal and family data, which was accepted on October 27, 2017, in a second addendum to the PSR. (*See* docs. 400, 421-1.) The USPO submitted a third addendum to the PSR on November 28, 2017. (*See* doc. 576-1.) Based on updated information, the drug quantity amount for which Movant was accountable became 299.88 grams of crack cocaine, 606 grams of marijuana, and 43.5 grams of cocaine, for a total marijuana equivalency of 1,080.17 kilograms. (*See id.*) The updated drug quantity amount did not affect the guideline calculations. (*See id.*)

At sentencing hearings on November 29, 2017, and December 14, 2017, the Court heard testimony, evidence, and arguments on Movant's objections to the role enhancement, drug quantity amount, lack of a minor participant role reduction, and calculation of his criminal history points. (*See* doc. 893 at 6, 8-19, 21-41; doc. 894 at 2-45, 47.) It overruled the objections. (*See* doc. 893 at 19-20; doc. 894 at 46, 48-49.) By judgment dated January 16, 2018, Movant was sentenced to 144 months' imprisonment, to be followed by a three-year term of supervised release. (*See* doc. 667 at 1-3.) The United States Court of Appeals for the Fifth Circuit (Fifth Circuit) affirmed the judgment on January 4, 2019. *See United States v. Jennings*, 746 F. App'x 428 (5th Cir. 2019). Movant did not file a petition for a writ of certiorari with the Supreme Court.

B. **Substantive Claims**

Movant asserts the following grounds for relief:

(1) Ineffective assistance of counsel (in that counsel failed to demonstrate the application of the two-level 3B1.1(c) enhancement was error); and

(2) Ineffective assistance of counsel (in that counsel failed to challenge the PSR's drug quantity calculation).

(No. 3:20-CV-530-M-BH, doc. 2 at 5; *see also id.*, doc. 1 at 4-5.) The Government filed a response on June 1, 2020. (*See id.*, doc. 8.) Movant filed a reply on October 26, 2020. (*See id.*, doc. 15.)

## II. SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may

5

also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In both of his grounds for relief, Movant contends that counsel rendered ineffective assistance. (*See* No. 3:20-CV-530-M-BH, doc. 1 at 4-5; *id.*, doc. 2 at 5.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the

proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Lucey*, 469 U.S. at 396. Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

A.   **Role Enhancement**

In his first ground, Movant contends that counsel was ineffective for "fail[ing] to demonstrate the application of the two-level 3B1.1(c) enhancement was error[.]" (No. 3:20-CV-530-M-BH, doc. 2 at 5-6.) He claims that his challenge "attacks the way in which he was

represented by counsel on direct appeal," and he argues that "the issue here deals with counsel's failure to adequately brief the claim(s) presented by [Movant], regarding the two-level enhancement." (*Id.*, doc. 2 at 10; *see also id.*, doc. 2 at 6.) He also claims that appellate counsel "'failed' at a minimum to demonstrate how this error afftected [sic] [Movant's] substantial rights." (*Id.*, doc. 2 at 6.) He "presents that through adequate briefing, had counsel presented the issue he could have been afforded relief." (*Id.*, doc. 2 at 9.)

On direct appeal, Movant's appellate counsel argued that "the district court procedurally erred in: . . . applying a two-level enhancement for being an organizer, leader, manager, or supervisor under Guideline § 3B1.1(c), and failing to explain adequately the reasons for overruling the objection[.]" *Jennings*, 746 F. App'x at 429. Holding that the Court "did not clearly err by finding [Movant] qualified for the enhancement," the Fifth Circuit noted that "[a]n FBI agent testified at sentencing that the manager of [Movant's] apartment complex stated [Movant] was in charge of the drug sales in the complex and had individuals selling drugs for him; this testimony is supported by surveillance conducted on the complex."[4] *Id.* at 430. Reviewing for plain error the claim that the Court had failed to adequately explain the reasons for overruling the objection to the enhancement, the Fifth Circuit held that Movant "has failed, at a minimum, to demonstrate any error affected his substantial rights because he has not explained how a detailed explanation would have changed his sentence." *Id.*

---

[4] Movant also argues in his § 2255 filings that "[t]o the extent that the application [of the role enhancement] was made, and that the district court applied it, it was error," and raises the arguments asserted by trial counsel during the sentencing proceedings. (No. 3:20-CV-530-M-BH, doc. 2 at 9; *see also id.*, doc. 2 at 7-9.) As discussed, the Fifth Circuit considered and rejected his claim that the Court erred in applying the enhancement. *See Jennings*, 746 F. App'x at 429-30. Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *United States v. Rocha,* 109 F.3d 225, 229-30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish,* 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones,* 614 F.2d 80, 82 (5th Cir. 1980)). To the extent Movant challenges the application of the two-level role enhancement in this habeas action, he is not entitled to relief, and the claim should be denied.

Even assuming for purposes of this motion only that appellate counsel's performance was deficient as alleged, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of resulting prejudice. Movant has not shown a reasonable probability that but for appellate counsel's alleged deficiencies, he would have prevailed on his appeal. *See Briseno*, 274 F.3d at 207. His speculative and conclusory allegations of prejudice are insufficient to satisfy his burden under *Strickland*, and the claim should be denied. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

**B.     Drug Quantity**

In his second ground, Movant claims that counsel was ineffective for "fail[ing] to properly challenge the PSR's drug quantity calculation[.]" (No. 3:20-CV-530-M-BH, doc. 2 at 11.) He argues that "the quantities relied upon were some-what [sic] materially incorrect[,]" and "that some of the drug amounts were based on incorrect drug quantities [ ] [i]n that, some of the drug amounts were actually much lesser [sic] than what the records suggested." (*Id.*) He claims that "there were multiple occassions [sic] where the drug quantities purchased by [him] were lesser [sic] than what should have been projected by the gram total[ ] i.e. (the weights were off a various times, shortened by 2 or more grams here and there)." (*Id.*) He also argues that the PSR's "inclusion of its own determination of drug quantities, absent of any factual findings is also err [sic]." (*Id.*)

"The district court's drug quantity calculation is a factual determination[.]" *United States v. Perez*, 785 F. App'x 207, 208 (5th Cir. 2019); *accord United States v. Rodriguez-Lopez*, 756 F.3d 422, 434-35 (5th Cir. 2014). When assessing the drug quantity attributable to a specific

9

defendant, the court can look to any information that has a sufficient indicia of reliability. *Perez*, 785 F. App'x at 208. Generally, a PSR has sufficient indicia of reliability, so the "'district court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence.'" *Id.* (quoting *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998)); *accord United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). A defendant attempting to attack the reliability of a PSR bears the burden of demonstrating that the information in the PSR is "materially untrue, inaccurate or unreliable, and [m]ere objections do not suffice as competent rebuttal evidence." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999) (quoting *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998)) (internal quotation marks omitted).

Here, in response to the PSR, counsel expressly challenged the drug quantities attributed to Movant; the objections disputed both the overall drug quantity amount and the drug quantity amounts applied in each respective drug category attributed to him. (*See* doc. 380 at 2; doc. 380-1; doc. 383 at 1.) The USPO submitted addenda addressing counsel's objections to the drug quantity calculations and updating the calculations based on the receipt of new information. (*See* doc. 395-1 at 1-2; doc. 576-1.) At the sentencing hearing, the Government presented testimony and evidence to support the drug quantity calculations, and counsel pursued Movant's objections through cross-examination and argument, although the objections were ultimately overruled. (*See* doc. 893 at 21-41; doc. 894 at 2-49.) That the objections to the drug quantities and categories attributed to Movant were overruled does not render counsel ineffective. *See, e.g., Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas corpus relief.").

Further, aside from conclusory allegations, Movant has failed to provide any facts or

evidence showing that counsel failed to "properly challenge" the PSR's drug quantity calculations, or that the information contained in his PSR and addenda as to the drug quantity calculations was "materially untrue, inaccurate or unreliable"; nor has he offered more than conclusory allegations to show a reasonable probability that his sentence would have been different absent counsel's alleged deficiencies. *Huerta*, 182 F.3d at 364. Because conclusory allegations are insufficient to obtain relief, he has failed to satisfy his burden under *Strickland*. *See Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. Accordingly, he is not entitled to § 2255 relief on this claim.

To the extent his § 2255 filings may be liberally construed as arguing that counsel was also ineffective on appeal in connection with challenging the drug quantity calculations, Movant has not alleged or shown any "[s]olid, meritorious arguments based on directly controlling precedent" that appellate counsel should have raised on direct appeal, and he has not shown *Strickland* prejudice. *Williamson*, 183 F.3d at 463; *see also Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. He is therefore not entitled to relief on this conclusory claim.

Because Movant has not met his burden under *Strickland* to show that counsel rendered ineffective assistance in connection with the drug quantity calculations, his claims should be denied.

C.  **Failure to Investigate**

In his second ground, Movant also appears to contend that trial and appellate counsel were ineffective based on a failure to investigate. (*See* No. 3:20-CV-530-M-BH, doc. 2 at 13.) He alleges that "it was 'cause' counsel failed to investigate and research relevant facts, which lead [sic] to the reasons that the claim was not presented. Whereas, had counsel investigated, [Movant] could have provided counsel with information pertaining to actual drug amounts for dispute." (*Id.*) He claims that "[t]his was a claim that could have been presented in the district court and on direct

11

appeal." (*Id.* (emphasis in original).)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," however. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal, that "[t]o establish his failure to investigate claim, [the defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him."). "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Here, Movant appears to argue that counsel should have further investigated and researched the drug quantity amounts and drug categories for which he was accountable, but beyond conclusory and unsubstantiated statements, he fails to show or explain what his counsel's investigation would have uncovered that would have been advantageous to him, and how it would have resulted in a different outcome. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) ("[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a habeas court cannot even begin to apply *Strickland*'s standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.") (citation and internal quotation marks omitted). Because his allegations fail to demonstrate *Strickland* prejudice, the performance prong need not be addressed. *See Amos v. Scott*, 61 F.3d 333, 348 (5th

Cir. 1995). Movant has failed to satisfy his burden under *Strickland*, and this claim should be denied.

### IV. OTHER CLAIMS

For the first time in his reply, Movant appears to contend that the testimony presented at his sentencing hearing to support the application of the two-level role enhancement under § 3B1.1(c) violated his Sixth Amendment right of confrontation. (*See* No. 3:20-CV-530-M-BH, doc. 15 at 4-5.) He also contends for the first time in his reply that "he should receive q [sic] two level reduction under U.S.S.G. §3B1.2 for being a minor participant in the criminal activity as he was 'less culpable than most of the other participants'." (*Id.*, doc. 15 at 5.)

Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that motions filed pursuant to § 2255 "specify all the grounds for relief available to the moving party." A movant may amend a § 2255 motion in accordance with Fed. R. Civ. P. 15. *See United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002). New claims raised for the first time in a reply brief need not be considered by the Court, however. *See United States v. Cervantes,* 132 F.3d 1106, 1111 (5th Cir. 1998) (holding that a district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government filed its response); *Brown v. United States*, No. 3:14-CV-4031-D (BH), 2016 WL 7187450, at *6 (N.D. Tex. Nov. 7, 2016).

Even assuming for purposes of this motion only that these claims were properly raised in his § 2255 filings and are not time-barred, however, they are without merit. Movant has no Sixth Amendment right of confrontation at his sentencing hearing, and so he cannot show a constitutional violation warranting habeas relief. *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006). As to his claim regarding his alleged minor participant role, Movant provides no

13

facts or evidence beyond his conclusory statement to support the claim, which is not sufficient to warrant § 2255 relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). To the extent these claims are considered, they should be denied.

## V. EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court on his claims. (*See* No. 3:20-CV-530-M-BH, doc. 1 at 13; *id.*, doc. 2 at 13-14.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *See Ross v. Estelle*, 694 F.2d 1008, 1011 n.2 (5th Cir. 1983).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VI. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 25, 2020 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 20th day of January, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE